IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BHARGAV KANANI and<br>SHILPA DESAI | )<br>)<br>) | |
| Plaintiffs, | ) | Case No. 4:04cv1728(JCH) |
| vs. | )<br>) | Negligence/Accounting Malpractice |
| FROST, RUTTENBERG &<br>ROTHBLATT, PC | )<br>)<br>) | |
| NOSHIR R. DARUWALLA | )<br>) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

COME NOW Plaintiffs Bhargav Kanani and Shilpa Desai and for their First Amended Complaint against Defendants Frost, Ruttenberg & Rothblatt, PC and Noshir R. Daruwalla state as follows:

**PARTIES**

1.  Plaintiffs Bhargav Kanani and Shilpa Desai are individuals who live in Ste. Genevieve, Missouri.

2.  Defendant Frost, Ruttenberg & Rothblatt, PC (hereinafter sometimes, "Frost") is a certified public accounting and consulting firm in Deerfield, Illinois, holding itself out as offering a high degree of professionalism and expertise and was at all times hereinafter mentioned acting both individually and by and through its agents, servants and employees.

3.  Defendant Noshir Daruwalla ("Daruwalla") is an individual who lives in Northbrook, Illinois and is a CPA holding himself out as offering a high degree of professionalism and expertise and an employee and Senior Vice-President of Frost, Ruttenberg & Rothblatt, PC, who prior to March, 1998 was already employed by the Doshis both as their

personal CPA and to handle the accounting and income tax matters with respect to the motel mentioned hereinafter.

## JURISDICTION AND VENUE

4. Plaintiffs originally brought this action in the Circuit Court of the City of St. Louis, State of Missouri and Defendants removed it to this Court on December 13, 2004 pursuant to Title 28 U.S.C. § 1332 and § 1441. Plaintiffs did not move to remand the case to State Court but, rather, consented to the jurisdiction of this Court.

## GENERAL ALLEGATIONS

1. On or about March 24, 1998, Plaintiffs purchased a 50% ownership in AMACK, LLC, a Missouri limited liability company ("AMACK"), which owned a motel in Desloge, Missouri and 50% ownership in AMIT, INC. ("AMIT"), a corporation which operated the motel, becoming equal owners with Arvind Doshi and Bharti Doshi.

2. On or about March 24, 1998, Plaintiffs engaged the services of Defendants Frost and Daruwalla to act as their personal CPA and to handle the accounting and income tax matters with respect to the aforesaid motel; further, Plaintiffs at all times relied upon the services and advice rendered to them by Defendants.

3. After sustaining consistent losses in the operation of the motel, requiring Plaintiffs to contribute additional sums annually to AMACK and/or AMIT, Plaintiffs and the Doshis sold the motel for a loss on or about May 22, 2002.

4. Subsequently, Plaintiffs engaged the services of a different CPA and discovered there were various irregularities in the accounting practices used by Defendants Frost and Daruwalla with respect to the accounting and tax treatment of their investment in the motel compared to that of the Doshis, including, but not limited to the following, to wit:

2

a.) The initial cash capital investment of Plaintiffs was not matched by a similar cash capital investment of the Doshis.

b) In 1998 the Doshis received distributions from AMACK, while Plaintiffs received none.

c) The 2002 K-1's from AMACK, prepared by Defendants, allocated a deduction to the Doshis which was more than twice that allocated to Plaintiffs.

d) Other accounting practices of Defendants improperly favored the Doshis at the expense of the Plaintiffs.

## COUNT I

## NEGLIGENCE/ACCOUNTING MALPRACTICE

COME NOW Plaintiffs and for Count I of their Amended Complaint against Defendants Frost, Ruttenberg & Rothblatt, PC and Daruwalla state as follows:

1. Plaintiffs restate and reallege the allegations contained in Paragraphs 1-4 of the General Allegations hereinabove as if fully set forth herein.

2. Defendants negligently breached their professional duties to Plaintiffs and negligently failed to employ generally accepted accounting principles by failing to notify Plaintiffs that their initial cash capital investment was greater than that of the Doshis, thereby causing economic damages to Plaintiffs.

3. Defendants negligently breached their professional duties to Plaintiffs and negligently failed to employ generally accepted accounting principles by failing to advise them that in 1998 the Doshis had received distribution from AMACK, while Plaintiffs received none, thereby causing economic damages to Plaintiffs.

4. Defendants negligently beached their professional duties to Plaintiffs and negligently failed to employ generally accepted accounting principles by preparing K-1 forms for

3

AMACK in 2002 allocating a deduction to the Doshis more than twice that allocated to Plaintiffs, and not notifying Plaintiffs thereof, thereby causing economic damages to Plaintiffs.

5.        Defendants negligently breached their professional duties to Plaintiffs and negligently failed to employ generally accepted accounting principles by other instances of favoring the Doshis over Plaintiffs, even though they were equal owners, in manners not yet determined, thereby causing economic damages to Plaintiffs.

WHEREFORE, Plaintiffs pray the Court enter judgment on Count I of their First Amended Complaint against Defendants Frost, Ruttenberg & Rothblatt, PC and Noshir R. Daruwalla in an amount in excess of $25,000, for their costs and for such other relief as the Court deems just and proper.

## **COUNT II**

## **CONFLICTS OF INTEREST**

COME NOW Plaintiffs and for Count II of their First Amended Complaint against Defendants Frost, Ruttenberg & Rothblatt, PC and Daruwalla state as follows:

1.        Plaintiffs restate and reallege the allegations contained in Paragraphs 1-4 of the General Allegations and Paragraphs 1-5 of Count I hereinabove as if fully set forth herein.

2.        Defendants violated the provision of the American Institute of Certified Public Accounts (AICPA) Code of Professional Conduct as incorporated into the Missouri Code of State Regulations, 4 CSR 10-3.010 by not remaining free of conflicts of interest, in that they:

    a)  Did not advise Plaintiffs that their initial cash investment of $100,000 was greater than that of the Doshis, thereby causing economic damages to Plaintiffs;

    b)  Failed to advise plaintiffs that in 1998 the Doshis had received distributions from AMACK, while Plaintiffs had not, thereby causing economic damages to Plaintiffs.

c)  Prepared K-1 forms for AMACK in 2002 allocating a deduction to the Doshis more than twice that allocated to Plaintiffs, thereby causing economic damages to Plaintiffs.

d)  Otherwise favored the Doshis over Plaintiffs in manners not yet determined, thereby causing economic damages to Plaintiffs.

WHEREFORE, Plaintiffs pray the Court enter judgment on Count II of their Petition against Defendants Frost, Ruttenberg & Rothblatt, PC and Noshir R. Daruwalla in an amount in excess of $25,000, for their costs and for such other relief as the Court deems just and proper.

## COUNT III

## BREACH OF FIDUCIARY DUTIES

COME NOW Plaintiffs and for Count III of their First Amended Complaint against Defendants Frost, Ruttenberg & Rothblatt, PC and Daruwalla state as follows:

1.  Plaintiffs restate and reallege the allegations contained in Paragraphs 1- 4 of the General Allegations, Paragraphs 1 – 5 of Count I and Paragraphs 1 – 2 of Count II hereinabove as if fully set forth herein.

2.  Defendants breached their fiduciary duties to Plaintiffs by failing to notify Plaintiffs that their initial cash capital investment was greater than that of the Doshis, thereby causing economic damages to Plaintiffs.

3.  Defendants breached their fiduciary duties to Plaintiffs by failing to advise them that in 1998 the Doshis had received distributions from AMACK, while Plaintiffs received none, thereby causing economic damages to Plaintiffs.

4.  Defendants breached their fiduciary duties to Plaintiffs by preparing K-1 forms for AMACK in 2002 allocating a deduction to the Doshis more than twice that allocated to Plaintiffs, and not notifying Plaintiffs thereof, thereby causing economic damages to Plaintiffs.

5. Defendants breached their fiduciary duties to Plaintiffs by failing to employ generally accepted accounting principals by other instances of favoring the Doshis over Plaintiffs, even though they were equal owners, in manners not yet determined, thereby causing economic damages to Plaintiffs.

WHEREFORE, Plaintiffs pray the Court enter judgment on Count III of their First Amended Complaint against Defendants Frost, Ruttenberg & Rothblatt, PC and Noshir R. Daruwalla in an amount in excess of $25,000, for their costs and for such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Joel D. Monson
Joel D. Monson, Esq.    #28071
Francis X. Duda, Esq.    #6761
ANDERSON & GILBERT
515 Olive Street, Suite 704
St. Louis, MO 63101
(314) 721-2777
(314) 721-3515 (Fax)

/s/ Pari Sheth
Pari Sheth, Esq.    #116212
LAW OFFICES OF PARI SHETH, LLC
8000 Bonhomme, Suite 413
St. Louis, MO 63105
(314) 727-2337
(314) 614-3954 cell

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on June 1, 2005, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:  Brian R. Plegge, Esq., Moser and Marsalek, P.C., 200 North Broadway, Suite 700, St. Louis, MO 63102-2730.

                                              /s/ Joel D. Monson